JEFFREY I. ABRAMS (State Bar No. 162735)
jabrams@hmafirm.com
CHARLES J. HARDER (State Bar No. 184593)
charder@hmafirm.com
LAN P. VU (State Bar No. 232798)
lvu@hmafirm.com
HARDER MIRELL & ABRAMS LLP
132 S. Rodeo Dr., Fourth Floor
Beverly Hills, CA 90212
Telephone:  (424) 203-1600
Facsimile:   (424) 203-1601

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA (SAN DIEGO)

| | |
|---|---|
| HUBERT HANSEN INTELLECTUAL PROPERTY TRUST, a California trust; JEANNE E. HANSEN, TIMOTHY M. HANSEN, and MAUREEN T. TODD, in their capacity as CO-TRUSTEES of the HUBERT HANSEN INTELLECTUAL PROPERTY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>THE COCA-COLA COMPANY, a Delaware corporation; MONSTER BEVERAGE CORPORATION, a Delaware corporation; HANSEN BEVERAGE COMPANY, a Delaware corporation; NEXSTEP BEVERAGES, LLC, a Texas limited liability company dba HANSEN BEVERAGE; and DOES 3-20, inclusive,<br><br>Defendants. | Case No. 3:16-CV-01895-JAH-KSC (Removed from Superior Court of California, County of San Diego, Case No. 37-2016-00021046-CU-MC-CTL)<br><br>[Assigned to Hon. John A. Houston]<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1) **MISAPPROPRIATION OF RIGHT OF PUBLICITY (CALIFORNIA CIVIL CODE §3344.1); AND**<br><br>(2) **DECLARATORY RELIEF**<br><br>***DEMAND FOR JURY TRIAL*** |

Plaintiffs HUBERT HANSEN INTELLECTUAL PROPERTY TRUST and JEANNE E. HANSEN, TIMOTHY M. HANSEN, and MAUREEN T. TODD, in

their capacity as CO-TRUSTEES of the HUBERT HANSEN INTELLECTUAL PROPERTY TRUST (collectively, "Plaintiffs"), hereby allege for their First Amended Complaint as follows:

## PRELIMINARY STATEMENT

1. Hubert Hansen was the founder of the well-known "Hansen's" brand of juices and drinks, a brand established by Hubert Hansen and his family in the 1930's ("HANSEN'S"). Over the years, the brand developed and evolved, eventually becoming part of the defendant Monster Beverage Corporation. Throughout this development, the HANSEN'S brand remained, and remains, a popular and valuable brand in the beverage industry – so much so that the brand recently was acquired by defendant The Coca-Cola Company.

2. The descendants of Hubert Hansen, through Plaintiffs, seek to protect Hubert Hansen's legacy and the use of Hubert Hansen's name, voice, signature, photograph, image, likeness, identity and persona for commercial purposes.

3. Plaintiffs own a 100% interest in the name, voice, signature, photograph, image, likeness, identity and persona of Hubert Hansen.

4. Defendants are among the largest beverage companies in the United States, maybe the world. Without Plaintiffs' consent, Defendants infringed and used Hubert Hansen's name for the *Hubert's* LEMONADE brand of products. Defendants utilized, and continue to utilize, Hubert Hansen's name, image, identity and persona in connection with the labeling of the *Hubert's* LEMONADE products themselves, as well as the marketing, advertisement and promotion thereof. Defendants have manufactured, advertised, distributed and sold *Hubert's* LEMONADE products throughout the United States.

5. Without Plaintiffs' consent, Defendants also have used Hubert Hansen's name, photograph, image, identity and persona in connection with Defendants' overall marketing, advertising and promotion of Defendants themselves and the HANSEN's brand and products. The unauthorized usage includes the

labeling of the HANSEN's brand of juices, as well as the marketing, advertisement and promotion thereof. Defendants have manufactured, advertised, distributed and sold the HANSEN's brand of juice products in the United States, and throughout the world.

6. Defendants have never had, and do not have, Plaintiffs' permission to use Hubert Hansen's publicity rights – his name, voice, signature, photograph, likeness, identity and/or persona – including, to market and/or sell themselves or any products. Defendants are therefore liable to Plaintiffs for infringing those rights. Plaintiffs seek to recover damages and a preliminary and permanent injunction to stop all further use of Hubert Hansen's name, photograph, likeness, image, signature, identity and/or persona by Defendants.

## THE PARTIES

7. Plaintiff HUBERT HANSEN INTELLECTUAL PROPERTY TRUST is a California irrevocable trust, with its principal place of business in San Diego, California (the "Hansen IP Trust"), and was formed for the purpose of protecting, enforcing and commercially exploiting the rights of publicity owned by a majority of the descendants and heirs of Hubert Hansen pursuant to California Civil Code Section 3344.1, and which have been assigned to the Hansen IP Trust.

8. Plaintiff JEANNE E. HANSEN ("Jeanne") is, and at all times mentioned herein was, an individual residing in San Diego County, California, an heir of the late Hubert Hansen, and serves as one of the co-trustees of the Hansen IP Trust.

9. Plaintiff TIMOTHY M. HANSEN ("Tim") is, and at all times mentioned herein was, an individual residing in Los Angeles County, California, an heir of the late Hubert Hansen, and serves as one of the co-trustees of the Hansen IP Trust.

10. Plaintiff MAUREEN T. TODD ("Maureen") is, and at all times mentioned herein was, an individual residing in Orange County, California, an heir

1  of the late Hubert Hansen, and serves as one of the co-trustee of the Hansen IP
2  Trust.

3      11.  Plaintiffs are informed and believe and based thereon allege that defendant THE COCA-COLA COMPANY ("Coke") is, and at all times relevant hereto was, a corporation organized and existing under the laws of Delaware, with its principal place of business located in Atlanta, Georgia, and doing business in San Diego County, California.

8      12.  Plaintiffs are informed and believe and based thereon allege that defendant MONSTER BEVERAGE CORPORATION ("Monster") is, and at all times relevant hereto was, a corporation organized and existing under the laws of Delaware, with its principal place of business located in Riverside County, California, and doing business in San Diego County, California.

13     13.  After filing this lawsuit, and based upon further investigation prompted by Coke's Notice of Removal filed in the United States District Court, Southern District of California, on July 27, 2016, Plaintiffs have discovered the identities of Doe Defendants 1 and 2: HANSEN BEVERAGE COMPANY ("HBC") and NEXSTEP BEVERAGE, LLC ("neXstep"). Accordingly, Plaintiffs hereby substitute HBC and neXstep for Doe Defendants 1 and 2, respectively.

19     14.  Plaintiffs are informed and believe and based thereon allege that defendant HBC is, and at all times relevant hereto was, a corporation organized and existing under the laws of Delaware, with its principal place of business located in Riverside County, California, and doing business in San Diego County, California.

23     15.  Plaintiffs are informed and believe and based thereon allege that defendant neXstep is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of Texas, with its principal place of business located in Atlanta, Georgia, and doing business as Hansen Beverage in San Diego County, California.

28     16.  Plaintiffs are informed and believe and based thereon allege that the

1  fictitiously-named defendants sued herein as Does 3 through 20, and each of them,
2  are in some manner responsible or legally liable for the actions, events, transactions
3  and circumstances alleged herein. The true names and capacities of such
4  fictitiously-named defendants, whether individual, corporate, or otherwise, are
5  presently unknown to Plaintiffs, and Plaintiffs will seek leave of Court to amend this
6  Complaint to assert the true names and capacities of such fictitiously-named
7  defendants when the same have been ascertained. For convenience, each reference
8  to a named defendant herein shall also refer to Does 3 through 20. All defendants,
9  including Coke, Monster, HBC, neXstep and those referred to herein as Does 3
10 through 20, are sometimes collectively referred to herein as "Defendants."

17.  Plaintiffs are informed and believe and based thereon allege that Defendants, and each of them, were and are the agents, licensees, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, license, partnership, employment, conspiracy, ownership, or joint venture. Plaintiffs are further informed and believe and based thereon allege that the acts and conduct herein alleged of each of the Defendants were known to, authorized by, and/or ratified by the other Defendants, and each of them.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

18.  Hubert Hansen is the original creator and founder of the well-known HANSEN'S brand of consumer beverage products.

19.  In 1935, Hubert Hansen founded the Hansen Fresh Fruit and Vegetable Juice Co. ("Hansen Juice Co."), which began its business by selling non-pasteurized juices to motion pictures studios and others throughout Los Angeles, California.

20.  Hubert Hansen was soon joined by his four (4) sons in operating Hansen Juice Co., which expanded throughout California, and continued to specialize in selling non-pasteurized, fresh juices.

1   21. On or about June 3, 1951, Hubert Hansen died in Los Angeles, California.

### MONSTER, COKE, HBC, and NEXSTEP

22. Plaintiffs are informed and believe and based thereon allege that, pursuant to a series of preceding transactions and events, defendant Monster acquired rights to market, promote, distribute and sell mass market, shelf-stable juices, natural soft drinks, and other products using the HANSEN'S brand and HANSEN'S trademarks. Those rights **do not** include any rights or license to use the names "Hubert" or "Hubert Hansen", or any other indicia of the name, voice, signature, photograph, likeness, identity or persona of Hubert Hansen himself

23. Plaintiffs are informed and believe and based thereon allege that, in or about June 2015, Monster transferred those rights to defendant Coke.

24. Plaintiffs are informed and believe and based thereon allege that, HBC is, and at all times relevant hereto has been, involved with the operation of the business of the HANSEN'S and *Hubert's* Lemonade brands of products, including but not limited to the manufacture and production of promotional packaging and labeling for HANSEN'S and *Hubert's* Lemonade products, in conjunction with defendants Monster and Coke.

25. Plaintiffs are informed and believe and based thereon allege that, neXstep is, and at all times relevant hereto has been, involved with the operation of the business of the HANSEN'S and *Hubert's* Lemonade brands of products, including but not limited to the manufacture and production of promotional packaging and labeling for HANSEN's and *Hubert's* Lemonade products, in conjunction with defendants Monster and Coke.

### Hubert's LEMONADE

26. Plaintiffs are informed and believe and based thereon allege that Defendants have marketed, promoted and sold, and continue to market, promote and sell, a line of lemonade and non-alcoholic, non-carbonated fruit juices called

*Hubert's* LEMONADE.

27. Plaintiffs are informed and believe and based thereon allege that Defendants intentionally and prominently used, and continue to use, Hubert Hansen's name, signature, photograph, likeness, persona and/or identity within numerous advertisements, marketing, and promotional materials, as well as the product packaging, for the *Hubert's* LEMONADE brand (collectively, the "*Hubert's* Brand Advertisements").

28. Plaintiffs are informed and believe and based thereon allege that Defendants used, and continue to use, Hubert Hansen's name, signature, photograph, likeness, persona and/or identity for the purpose of attracting attention to Defendants and to the *Hubert's* LEMONADE brand and products, and enhancing the advertising and marketing thereof.

29. At no time did Hubert Hansen, any of the heirs or descendants of Hubert Hansen, or any of Plaintiffs ever give permission to Defendants, or any of them, or grant any of them the right to use Hubert Hansen's name, signature, photograph, likeness, persona and/or identity for any purpose whatsoever, including the right or permission to advertise, market, and promote the *Hubert's* LEMONADE brand and products, Defendants and/or their products.

30. Plaintiffs are informed and believe and based thereon allege that Defendants intentionally, negligently, and/or knowingly used Hubert Hansen's name, signature, photograph, likeness, persona and/or identity in the *Hubert's* Brand Advertisements for the purpose of advertising, marketing, promoting and selling the *Hubert's* LEMONADE brand and products, Defendants and/or their products.

31. Defendants have, without any right, title or authorization, misappropriated Plaintiffs' valuable rights by unlawfully using Hubert Hansen's name, signature, photograph, likeness, persona and/or identity for the aforesaid commercial purposes.

**Illegal Use of Hubert Hansen in Promoting the HANSEN's Brand**

32. Plaintiffs are informed and believe and based thereon allege that Defendants have marketed, promoted and sold, and continue to market, promote and sell, its line of HANSEN'S non-alcoholic, non-carbonated fruit juices by, among other things, utilizing the full name "Hubert Hansen" on its package labeling, by inaccurately attributing a quote to "Hubert Hansen," by including a short biography of Hubert Hansen, and by including a photograph of the original Hansen Juices storefront.

33. Plaintiffs are informed and believe and based thereon allege that Defendants intentionally and prominently used, and continue to use, Hubert Hansen's name, signature, photograph, likeness, persona and/or identity within numerous advertisements, marketing, and promotional materials, including on the product packaging, for the "HANSEN'S" brand of juices (collectively, the "HANSEN's Brand Advertisements").

34. Plaintiffs are informed and believe and based thereon allege that Defendants used Hubert Hansen's name, signature, photograph, likeness, persona and/or identity for the purpose of attracting attention to Defendants and to the HANSEN'S brand and products, and enhancing the advertising and marketing thereof.

35. At no time did Hubert Hansen, any of the heirs or descendants of Hubert Hansen, or any of Plaintiffs ever give permission to Defendants, or any of them, to use Hubert Hansen's name, signature, photograph, likeness, persona and/or identity for any purpose whatsoever, including the right or permission to advertise, market, or promote the HANSEN'S brand, Defendants and and/or their products.

36. Plaintiffs are informed and believe and based thereon allege that Defendants intentionally, negligently, and/or knowingly used Hubert Hansen's name, image, likeness and/or identity in the Hansen's Brand Advertisements for the purpose of advertising and promoting the HANSEN'S brand, Defendants and/or

their products. Defendants have, without any right, title or authorization, misappropriated Plaintiffs' valuable rights by unlawfully using Hubert Hansen's name, signature, photograph, likeness, persona and/or identity for the aforesaid commercial purposes.

### Registration As Successor-In-Interest Under Civil Code Section 3344.1 With California Secretary of State

37. On or about June 5, 2015, pursuant to California Civil Code Section 3344.1, Plaintiffs filed with the Secretary of State for the State of California a "Registration of Claim of Successor-in-Interest" in which Plaintiffs claim a 100% interest in the voice, signature, photograph, likeness, persona and likeness of the late Hubert Hansen (the "Hansen Trust Successor-In-Interest Registration").

38. Plaintiffs are informed and believe and based thereon allege that on or about April 13, 2015, Monster filed with the Secretary of State for the State of California its own "Registration of Claim of Successor-in-Interest" in which Monster claimed, without any legal basis and under penalty of perjury, a 100% interest in the name of Hubert Hansen (the "Monster's Successor-In-Interest Registration").

39. Plaintiffs are informed and believe and based thereon allege that there is no contract or other agreement which ever has transferred any rights of publicity in the name Hubert Hansen to Defendants, and that Defendants' 3344.1 Registration is false, inaccurate and perjurous.

### FIRST CAUSE OF ACTION
### (Misappropriation of Right of Publicity
### California Civil Code §3344.1 – Against All Defendants)

40. Plaintiffs repeat, re-allege, adopt and incorporate each and every allegation contained in Paragraphs 1-39, inclusive, as though fully set forth herein.

41. The conduct of Defendants, as alleged hereinabove, constitutes a violation of section 3344.1 of the California Civil Code, due to the unauthorized use

of Hubert Hansen's name, signature, photograph, likeness, persona and/or identity for commercial purposes, which have substantial commercial value.

42. As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiffs have been damaged in an amount that is not yet fully ascertainable. When Plaintiffs have ascertained the full amount of their damages, they will seek leave of Court to amend this Complaint accordingly.

43. As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiffs have incurred, and will continue to incur, attorneys' fees and costs. Plaintiffs are entitled to an award of its attorneys' fees and costs incurred in connection with this action pursuant to Section 3344.1(a)(1) of the California Civil Code.

44. By reason of the aforesaid wrongful acts of Defendants, in addition to the relief sought hereinabove, Plaintiffs are entitled to an accounting of all of Defendants' revenues and profits associated with the unauthorized use of Hubert Hansen's name, image, likeness, signature, identity and/or persona.

45. By reason of Defendants' wrongful acts as alleged hereinabove, Defendants are involuntary trustees holding all revenues and profits associated with the unauthorized use of Hubert Hansen's name, image, likeness, signature, identity and/or persona, in their possession under a constructive trust for the benefit of Plaintiffs with a duty to transfer the same to Plaintiffs forthwith.

46. Plaintiffs are informed and believe, and based thereon allege, that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiffs, and with willful and deliberate disregard for the consequences to Plaintiffs. By reason thereof, Plaintiffs are entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

47. Plaintiffs also seek a preliminary and permanent injunction to prohibit

-10-
FIRST AMENDED COMPLAINT

Defendants from any further commercial use of Hubert Hansen's name, photograph, image, likeness, signature, voice, identity and/or persona.

## SECOND CAUSE OF ACTION

### (Declaratory Relief – Against All Defendants)

48. Plaintiffs repeat, re-alleges, adopt and incorporate each and every allegation contained in Paragraphs 1-47, inclusive, as though fully set forth herein.

49. An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights with respect to the commercial use of the names "Hubert" and "Hubert Hansen" in that Plaintiffs contend that they own and control all rights of publicity related to Hubert Hansen pursuant to California Civil Code Section 3344.1 and that the Hansen Trust Successor-In-Interest Registration is the only valid registration of such rights, whereas Defendants dispute these contentions and contend that they have acquired the right to utilize and commercially exploit the names "Hubert" and "Hubert Hansen" and that the Monster Successor-In-Interest Registration is valid and enforceable.

50. Plaintiffs desire a judicial determination of whether the Hansen Trust Successor-In-Interest Registration or Defendants' Successor-In-Interest Registration is valid and enforceable pursuant to California Civil Section 3344.1.

51. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights under California Civil Code Section 3344.1.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1. Actual damages, in accordance with proof at trial;

2. An award of the profits received by Defendants as a result of the unauthorized use of Hubert Hansen's name, image, likeness, identity and/or persona;

3. Imposition of a constructive trust on all monies and sums received by

-11-
FIRST AMENDED COMPLAINT

Defendants as a result of their infringement of Hubert Hansen's name, signature, photograph, likeness, persona and/or identity;

  4. Punitive and exemplary damages in accordance with proof at trial;

  5. An award of Plaintiffs' attorneys' fees;

  6. Temporary, preliminary and permanent injunctions prohibiting Defendants and any of their affiliated companies from any further use of Hubert name, signature, photograph, likeness, persona and/or identity, or other publicity rights.

  7. For a declaration that the Monster Successor-In-Interest Registration is invalid and unenforceable pursuant to California Civil Section 3344.1.

  8. For all costs of suit incurred herein;

  9. Interest at the maximum legal rate; and

  10. For such other and further relief as the Court may deem to be just and proper.

Dated: August 17, 2016   HARDER MIRELL & ABRAMS LLP

By: _____
JEFFREY I. ABRAMS
Attorneys for Plaintiffs HUBERT HANSEN INTELLECTUAL PROPERTY TRUST and JEANNE E. HANSEN, TIMOTHY M. HANSEN, and MAUREEN T. TODD, in their capacity as CO-TRUSTEES of the HUBERT HANSEN INTELLECTUAL PROPERTY TRUST

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: August 17, 2016

HARDER MIRELL & ABRAMS LLP

By: /s/ Jeffrey I. Abrams
JEFFREY I. ABRAMS
Attorneys for Plaintiffs HUBERT HANSEN INTELLECTUAL PROPERTY TRUST and JEANNE E. HANSEN, TIMOTHY M. HANSEN, and MAUREEN T. TODD, in their capacity as CO-TRUSTEES of the HUBERT HANSEN INTELLECTUAL PROPERTY TRUST